[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION SUMMARY JUDGMENT
The plaintiff, Ronald F. Petronella, the Commissioner of the Department of Labor of the State of Connecticut, acting pursuant to his statutory authority under General Statutes § 31-72, which authorizes him to collect any and all unpaid wages, filed an amended two-count complaint on September 7, 1995. The first count is directed against Kennedy's Plumbing and Heating; the second count is directed against Tim Kennedy. Both claims arise out of the defendants' alleged failure to comply with Connecticut's prevailing wage law, General Statutes §§ 31-53 and 31-71b, by placing employees' monies into a profit sharing plan.[1] In addition to the profit sharing plan, Kennedy's Plumbing and Heating also maintains/maintained "a self-funded health insurance plan (in effect during all of the time period at issue) and a health expense reimbursement plan (in effect during 1991)." (See Memorandum of Law in Support of Defendants' Motion for Summary Judgment; Exhibit A: Kennedy Affidavit.)[2] The plaintiff also seeks attorney's fees, costs and interest, having alleged bad faith and arbitrariness on the part of the defendants. (See Amended Complaint, ¶¶ 10, 15.)
On November 20, 1995, the defendants filed an answer and three special defenses. The first special defense asserts ERISA CT Page 1004 preemption. The second special defense argues failure to state a claim upon which relief can be granted. The third defense contends that the plaintiff's claims are barred in whole or in part by the statute of limitations under General Statutes §52-596.
On November 29, 1995, the plaintiff filed a reply to the defendants' special defenses. The plaintiff claimed that he had insufficient information upon which to form a belief about the first special defense of ERISA preemption and left the defendants to their proof. The plaintiff denied the second and third special defenses.
On May 20, 1996, the defendants filed a motion for summary judgment on the ground of ERISA preemption, accompanied by a memorandum of law and three exhibits.[3] The plaintiff filed a memorandum in opposition to the defendants' motion for summary judgment on September 6, 1996, accompanied by two counter-affidavits from Wage Enforcement Agents from the Department of Labor. The defendants filed a reply memorandum on October 8, 1996.
"A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe, Inc.,196 Conn. 529, 543, 494 A.2d 555 (1985). "Because ERISA preemption is a defense, the burden is on the defendant to prove facts necessary to establish it." Gaiolini v. Harloc Products, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 280976 (October 26, 1990, Dorsey, J.), quoting Kanne v.Connecticut General Life Ins. Co., 859 F.2d 96, 99 (9th Cir. 1988).
The defendants argue that Connecticut's prevailing wage statute, General Statutes § 31-53, on which the plaintiff's claims are based, is preempted by ERISA insofar as the law "relates to" employee benefit plans. More specifically, the defendants contend that Connecticut's prevailing wage statute is preempted by ERISA because (1) the prevailing wage law affects the administration of employee benefit plans; and (2) the prevailing wage law specifically refers to employee welfare plans.
The plaintiff asserts that Connecticut's prevailing wage law CT Page 1005 only peripherally relates to employee benefit plans, and thus is not preempted by ERISA. The plaintiff contends that the prevailing wage statute does not require an employer to have an employee benefit plan or to pay any specific amount into such plan, but rather the law requires an employer to pay the minimum wage rate "in either cash or benefits in whatever combination the employer chooses." (See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, pp. 6-7.) The plaintiff also notes that the Connecticut law is not preempted because states have traditionally regulated the payment of wages.[4]
"ERISA is a comprehensive regulation of employee and welfare and pension benefit plans . . ." Napoletano v. Cigna Healthcareof Connecticut, Inc., 238 Conn. 216, 233, 680 A.2d 127 (1996). See also Pilot Life Insurance Co. v. Dedaux, 481 U.S. 41, 44,107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).
"An `employee welfare benefit plan' is defined as: (1) a `plan, fund or program' (2) established or maintained (3) by an employer . . . (4) for the purpose of providing medical, surgical, hospital care, sickness benefits . . . (5) to the participants or their named beneficiaries." Cote v. Durham LifeIns., 754 F. Sup. 18, 19-20 (D. Conn. 1991).
"[ERISA] preempts some state law." Napoletano v. CignaHealthcare of Connecticut, Inc., supra, 238 Conn. 233. The ERISA preemption clause provides that "[e]xcept as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144
(a) (emphasis added.) "A law `relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Napoletano v. CignaHealthcare of Connecticut, Inc., supra, 238 Conn. 235.
In the opinion of the court General Statutes § 31-53, on which the plaintiff's claims are based, is preempted by ERISA because the law references ERISA-covered plans and relates to and burdens the administration of ERISA plans.
General Statutes § 31-53 (e) reads in relevant part: "The labor commissioner shall determine the prevailing rate of wages on an hourly basis and the amount of payment or contributions paid or payable on behalf of such employee to any employeeCT Page 1006welfare fund, as defined in subsection (h), in each locality where any such public work is to be constructed . . ." (Emphasis added.)[5]
The defendants are correct in asserting that a state law's mere reference to ERISA employee benefit plans may result in ERISA preemption of the state law. See Burgio Compofelice v.New York State Department of Labor, 914 F. Sup. 931, 933 (W.D. N.Y. 1996) ("A state law relates to employee benefit plans when it has connection with or reference to such plans . . .");Associated Builders Contractors v. Perry, 869 F. Sup. 1239, 1250
(E.D. Mich. 1994) (holding that the state prevailing wage law was preempted by ERISA in part because of the law's mere reference to ERISA employee benefit plans in that the Commissioner of Labor determines the prevailing wage based on a survey of employers which "specifically requests the hourly contribution by employers to various employee benefit plans")
The Connecticut Supreme Court, however, takes a more restrictive view, holding that preemption exists only when a state law "burdens" ERISA plans. Quoting the Sixth Circuit, the Connecticut Supreme Court has stated, "Congress sought to [preempt] state laws [or state claims] that have a burdensome effect on ERISA plans. When a state law [or claim] has such an effect on a covered plan, it is [preempted]; when it does not, it is not [preempted] even if it actually refers to ERISA."Napoletano v. Cigna Healthcare of Connecticut, Inc., supra,238 Conn. 240. Accordingly, based on this holding, the court finds that the Connecticut prevailing wage law's explicit reference to ERISA employee benefit plans is not a sufficient ground for preemption, absent a showing of a "burdensome" effect on ERISA plans. However, the following discussion will demonstrate that General Statutes § 31-53 "relates to" and actually does burden the administration of ERISA-covered plans.
Four types of law are deemed to "relate to" ERISA plans. "First, laws that regulate the type of benefits or terms of ERISA plans. Second, laws that create reporting, disclosure, funding or vesting requirements for ERISA plans. Third, laws that provide rules for the calculation of the amount of benefits to be paid under ERISA plans. Fourth, laws and common-law rules that provide remedies for misconduct growing out of the administration of the ERISA plan." (Citations omitted; internal quotation marks omitted.) National Elevator Industry, Inc. v. Calhoon, 957 F.2d 1555,1559 (10th Cir. 1992); Local Union 598. Plumbers CT Page 1007Pipefitters Industry Journeymen Apprentices Training v. J.A.Jones Construction Co., 846 F.2d 1213 (9th Cir. 1988).
General Statutes § 31-53 requires employers to either pay the prevailing wage or contribution to an employee benefit plan or the cash equivalent,[6] and to report payments made on behalf of employees to employee benefit plans.[7]
Alternate compliance, by either making payments to an employee benefit plan on behalf of employees or by paying the cash equivalent to employees, relates to the administration of ERISA plans, resulting in ERISA preemption. See AssociatedBuilders Contractors v. Baca, 769 F. Sup. 1537, 1547-48 (N.D. Cal. 1991) ("Because these alternate provisions for compliance have disproportionate effects on employees, they regulate ERISA benefits by altering the calculation or the payment of benefits under ERISA-covered pension plans"). Thus, General Statutes § 31-53, which gives employers the option of making payments to an employee benefit plan or giving the cash equivalent to the employee directly, is preempted by ERISA.
Further, the additional record-keeping requirements provided in General Statutes § 31-53 (f) relate to and are burdensome to the administration of ERISA plans, thus demanding preemption by ERISA. See Associated Builders Contractors v. Perry, supra,869 F. Sup. 1244-45 (holding that administrative burdens imposed by the state prevailing wage law, e.g. requiring new calculations of payments to employee benefit plans on an hourly basis, rather than monthly or annual, and the submission of the fringe benefit plan in writing if the employer was to receive credit toward the prevailing wage rate, related to the administration of ERISA plans and thus mandated preemption); Associated Builders Contractors v. Baca, supra, 769 F. Sup. 1547 (holding state law was preempted by ERISA because "the wage requirement incorporates employee benefits into the prevailing wage statute" and by requiring employers to determine the cash equivalent of benefits provided); General Electric Co. v. New York State Department ofLabor, 891 F.2d 25, 28 (2nd Cir. 1989) (state law which requires employers to submit sworn schedules of supplements and hours of labor deemed to relate to ERISA plan and was thus preempted).
The plaintiff's argument that the Connecticut prevailing wage law is not preempted by ERISA because determining wages is the exercise of traditional state police power is unpersuasive. "In order to avoid being preempted, a state law in addition to being CT Page 1008 an exercise of traditional police power must also affect the plan in too tenuous, remote, or peripheral a manner to warrant a finding that the law relates to the plan." (Citation omitted; internal quotation marks omitted.) Local Union 598, Plumbers Pipefitters Industry Journeymen Apprentices Training v. J.A.Jones Construction Co., supra, 846 F.2d 1221. Based on the discussion above, General Statutes § 31-53 has more than a tenuous or peripheral relation to the administration of ERISA-covered plans. Accordingly, General Statutes § 31-53 should be preempted despite the law being a traditional exercise of state powers.
The defendants' motion for summary judgment is granted because General Statutes § 31-53 is preempted by ERISA because General Statutes § 31-53 references and relates to and creates a burdensome effect on ERISA-covered plans. This burdensome effect is created by the alternate compliance provisions and the record-keeping requirements of General Statutes § 31-53. Finally, General Statutes § 31-53 is preempted despite being an exercise of the state's traditional police power because the effect of General Statutes § 31-53
on ERISA-covered plans is more than peripheral or tenuous.
Robert J. Hale State Judge Referee